UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN ROACH, JR ET AL.                        CIVIL ACTION

VERSUS                                       NO: 09-1110

ALLSTATE INDEMNITY CO.                       SECTION: R(2)


**ORDER AND REASONS**

In this insurance coverage dispute, Allstate Indemnity Company moves for summary judgment. Because plaintiffs made material misrepresentations in their property loss claim, the Court GRANTS defendant's motion for summary judgment.

**I.  BACKGROUND**

This case concerns an insurance dispute between plaintiffs, John Roach Sr. and John Roach Jr., and defendant Allstate Indemnity Company ("Allstate") over damage caused by a fire to a residence located at 10523 Walker Road in St. Francisville, Louisiana.[1] Allstate issued a policy insuring the reworked mobile home against fire and other perils. The policy application lists the applicant's name and the occupant of the

---

[1] Earline Webb, John Roach Jr.'s mother, owns the 1.79 acre tract of land at 10523 Walker Road. The house damaged in the fire is located at the rear of property. Earline Webb, her husband James Webb, and her granddaughter live in a separate residence at the front of the property.

property as "John Roach."[2] The application states that "John Roach" was born on July 17, 1948 and is both divorced and retired. The policy indicates that the household has only one resident, that the applicant lives in the building as the owner, and that State Farm Fire and Casualty previously insured the property. The policy insured the contents of the residence up to $148,941.

Plaintiffs assert that John Roach, Sr. bought the insurance policy on behalf of his son, John Roach, Jr., who owned the residence but who was in prison at the time. They also assert the insurance agent who sold the policy was aware of these facts. They contend that Allstate sent premium notices to John Roach, Sr. at his home address, which was different from the address of the insured property.

On August 22, 2009 a fire destroyed the dwelling listed on the insurance policy. Following the fire, John Roach, Jr. submitted a list of lost personal property to Allstate in the amount of $146,341.89.[3] Defendant had a fire examiner examine the fire scene to verify the claim for personal property losses. His investigation failed to turn up the metallic remains of

---

[2] R. Doc. 34-3.

[3] John Roach, Jr. sent Earline Webb a handwritten list of his items. She completed the list, and he verified its accuracy.

$19,174.98 in personal property that Roach claimed was lost in the fire.

Defendant now moves for summary judgment, asserting that on the basis of undisputed facts Allstate is entitled to judgment as a matter of law on the grounds of three coverage defenses: (1) that plaintiffs made misrepresentations as to property damaged in the fire which voided the insurance contract; (2) that John Roach, Sr. does not have an insurable interest in the property; and (3) that John Roach, Jr. is not an insured person under the policy.  Because the Court finds that Allstate is entitled to summary judgment on its defense of material misrepresentation, the Court need not reach Allstate's other two defenses.

**II.   STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co.*

*v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts

showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

**III. DISCUSSION**

Because this case was removed on the basis of diversity jurisdiction, the relevant policy covers Louisiana insureds and provides that Louisiana law shall govern any and all claims or disputes in any way related to the policy, the question of whether Allstate may avoid the Roach's insurance coverage must be decided by Louisiana law. *See In re Katrina Canal Breaches*, 495 F.3d 191, 206 (5th Cir. 2007)("[In] Louisiana actions involving the interpretation of insurance policies issued in Louisiana for property located in Louisiana, Louisiana's substantive law controls.").

*A. Material Misrepresentation*

Under the Allstate policy, the "entire policy shall be void" if the insured "willfully conceal[s] or misrepresent[s] any material fact" before or after the loss.[4] Louisiana law provides that an insurer may avoid coverage on grounds of material

---

[4] *See* R. Doc. 34-12 at 28; *see also* R. Doc. 34-12 at 28.

5

misrepresentation only if: "(1) the statements made by the insured were false; (2) the misrepresentations were made with the actual intent to deceive; and (3) the misstatements materially affected the risk assumed by the insurer." *Cousin v. Page*, 372 So.2d 1231, 1233 (La. 1979); *see also Dean v. State Farm Mut. Auto Ins. Co.*, 975 So.2d 126, 131 (La. Ct. App. 2008)(holding that the same test is applicable to both misrepresentations made in the negotiation of an insurance contract and those that occur after the issuance of a policy or occurring after a loss). The insurer claiming the defense of material misrepresentation bears the burden of proving that there was a misrepresentation and that it was made with the intent to defraud. *Cousin*, 372 So.2d at 1231. "Fraud will never be presumed from acts which may be accounted for on the basis of honesty and good faith." *Williams v. United Fire & Cas. Co.*, 594 So.2d 455 (La. Ct. App. 1991). When the misrepresentation concerns the value of an insured's loss, "'materiality' simply embodies the understanding that the misrepresentation concerns a fact that significantly affects the rights and obligations of the insurer." *Bennett v. Allstate Ins. Co.*, 950 F.2d 1102, 1106 (5th Cir. 1992)(citing *Mamco, Inc. v. Am. Emp'rs Ins. Co.*, 736 F.2d 187, 190 n.6 (5th Cir. 1984)). Intent may "be inferred from circumstances that create a reasonable assumption that the [insured] was aware of the falsity of his representations." *Mamco, Inc. v. Am. Emp'rs Ins. Co.*, 736

F.2d 187, 190 (5th Cir. 1984). "Overvalution of items and absence of claimed items from the property at the time of the fire are criteria for material misrepresentation, as well as circumstantial evidence of intent." *Dominio v. Allstate Ins. Co.*, 2010 WL 4668332, at *4 (E.D. La. Nov. 9, 2010) (finding the insured's misrepresentations of the value and ownership of furniture and clothing material and intentional)(citing *Bennett*, 736 F.2d at 1106).

Defendant argues that plaintiffs made multiple material misrepresentations in their contents claim with the intent to defraud Allstate. Specifically, Allstate contends that John Roach, Jr. inflated and falsified his claim by deliberately including items that he did not own and that were not destroyed in the fire. Based on the undisputed evidence the Court finds Allstate's motion to be meritorious.

Allstate presents evidence that the fire scene examiner was unable to find the metallic remains of many claimed items, including twelve major items with a total value of $19,174.98.[5] Further, deposition testimony corroborates the examiner's

---

[5] The fire scene examiner did not find the following items: (1) Craftsman riding lawnmower ($3,299); (2) Dell Computer ($1,949); (3) Dell Color Laser Printer ($349); (4) HP Laptop Computer ($1,049); (5) Samsung 50 inch television ($1,200); (6) LG 55 inch TV ($1,999); (7) Sony 52 inch LCD television ($3,099.99); (8) Panasonic 42 inch television ($875); (9) Craftsman Tool Set ($975); (10) Whirlpool Clothes Dryer ($450); (11) Thomasville Sofa ($3,500); (12) La-Z-Boy Recliner ($429.99).

findings. One of the items plaintiffs claimed was destroyed that the examiner did not find was a Craftsman riding lawnmower with an alleged original cost of $3,299. Mr. Webb, John Roach, Jr.'s stepfather, testified that he owned a Craftsman riding lawn mower, that he usually cut John Roach, Jr.'s lawn, that he keeps his lawnmower in the shed at the front of the property, and that it was not affected by the fire.[6] In addition, John Roach, Jr. listed five televisions on his claim, but the fire examiner found only two televisions. Chivonia Nevils, John Roach Jr.'s girlfriend, testified that there were only three televisions when she lived in the home in 2007 and 2008.[7] Furthermore, plaintiffs submit no evidence to refute the examiner's findings. Therefore, the uncontradicted evidence indicates that plaintiffs falsified their claimed losses.[8]

Moreover, the misrepresentations are material. The total value of twelve of the major items that the fire scene examiner could not find is $19,174.98. Because plaintiffs' false

---

[6] R. Doc. 34-10 at 5.

[7] R. Doc. 34-9 at 3.

[8] Allstate submits evidence that plaintiffs claimed a number of items purchased from Olinde's furniture store. The evidence shows that John Roach, Sr. purchased this furniture for his own use and kept it on his property. Plaintiffs do not respond directly to defendant's evidence, but aver generally that the furniture shown in photographs sent to Allstate was in the residence at the time of the fire. The Court does not rely on Allstate's evidence as to this furniture in granting summary judgment.

statements would result in Allstate's paying more than was owed under the policy, the Court finds that the misrepresentations are material. *See, e.g., Bennett*, 950 F.2d at 1106 (finding material misrepresentation where several items on the insured's sworn contents list had been removed from the home prior to the fire and were older than the insured claimed); *Williams v. United Fire & Cas. Co.*, 594 So.2d 455, 464 (La. Ct. App. 1991)(upholding a verdict of material misrepresentation when insured failed to disclose he had removed some items from home before the fire).

Finally, it is reasonable to find, based on the circumstances, that the insured was aware of the falsity of his representations. *Mamco,* 736 F.2d at 190 (5th Cir. 1984). The items that were not found by the fire scene examiner included such things as a lawnmower, large televisions, a dryer, a recliner and a sofa. John Roach, Jr. does not even try to explain how so many large and expensive items were claimed as losses when their remains were not found on the property. Accordingly, the Court finds that Allstate has met its burden of proving that the plaintiffs made material misrepresentations in their personal property claim and is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 20th day of September, 2011.

          _____*Sarah Vance*_____
                SARAH S. VANCE
        UNITED STATES DISTRICT JUDGE